UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DALE J. LYNCH, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:10-cv-01131 |
| DEPARTMENT OF DEFENSE, | ) ) | Judge Haynes |
| Defendant. | ) ) | |

Before the Court is a *pro se* complaint brought by Dale J. Lynch, a resident of McEwen, Tennessee. (Docket No. 1). The Plaintiff also has submitted an application to proceed *in forma pauperis*. (Docket No. 2).

From a review of his application to proceed *in forma pauperis*, it appears that the Plaintiff lacks sufficient financial resources to pay the filing fee. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will **FILE** the complaint *in forma pauperis*. 28 U.S.C. § 1915(a). However, process shall **NOT** issue.

*Pro se* complaints are to be construed liberally by the court. See Boag v. McDougall, 454 U.S. 364, 365 (1982). However, the Court must consider whether Plaintiff's claims are insubstantial and whether the Court has jurisdiction. Plaintiff bears the burden to meet the pleading requirements necessary to establish the Court's jurisdiction. Gibbs v. Buck, 307 U.S. 66, 71 (1939). A court may consider sua sponte whether the Court lacks jurisdiction over the action, as the Sixth Circuit has stated:

> [A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. . . . [T]hat a plaintiff be

> given the opportunity to amend does not apply to sua sponte dismissals for lack of jurisdiction[.]

Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted).

In Hagans v. Lavine, 415 U.S. 528, 536-37 (1974), the Supreme Court stated that "[o]ver the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.'" (citations omitted). These holdings formed the insubstantial doctrine that is "a statement of jurisdictional principles affecting the power of a federal court to adjudicate constitutional claims." Id. at 538. As the Supreme Court explained:

> "Constitutional insubstantiality" for this purpose has been equated with such concepts as "essentially fictitious," Bailey v. Patterson, 369 U.S. [31,] 33 [1962]; "wholly insubstantial," ibid.; "obviously frivolous," Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288 (1910); and "obviously without merit," Ex parte Poresky, 290 U.S. 30, 32 (1933). The limiting words "wholly" and "obviously" have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281.

Id. at 537-38.

As examples of insubstantial claims in the Sixth Circuit, in Conner v. Greef, No. 03-5986, 99 Fed. Appx. 577 (6th Cir. April 26, 2004), a pro se plaintiff's claims under 42 U.S.C. §§ 1981, 1983, 1985 and 1986 as well as Tennessee state law to vacate arbitration award under Federal Arbitration Act were deemed insubstantial. In White v. Michigan Center for Forensic Psychiatry, 66 Fed. Appx. 626 (6th Cir. 2003), an incomprehensible complaint alleging fraud, abuse, sexual harassment, and public rumors against state of Michigan, the Center for Forensic Psychiatry

2

Hospital, along with several of its doctors, directors, and employees was dismissed as insubstantial. In contrast, in Graham v. Mercer, No. 98-2238, 1999 WL 1045103 (6th Cir. Nov. 10, 1999), a prisoner's pleadings alleging a difference in opinion between prisoner and prison doctors over medical diagnosis or treatment, were deemed not insubstantial.

As best the Court can discern, the Plaintiff appears to assert that "private contractors" who "work for the Department of Defense" have harvested timber on the Plaintiff's property and destroyed some of the Plaintiff's personal property including a well and fence on the land, all without the Plaintiff's permission. The remainder of the Plaintiff's complaint contains allegations that these contractors "are causing induction of radiation and cancer to the body and mind" of the Plaintiff. The Plaintiff details innumerable physical and psychological injuries he has received as a result of torturing by unidentified perpetrators. (Docket No. 1). It is unclear how the alleged torture relates to the Plaintiff's allegations concerning the unlawful harvesting of timber and destruction of personal property. The Plaintiff seeks two *billion* dollars in damages.

Given the delusional and fantastic allegations pervasive throughout the complaint, the Court finds that the complaint lacks an arguable basis in law or fact. Furthermore, the Plaintiff has filed frivolous lawsuits in the past in this Court containing similar claims about torture, radiation, and various governmental agencies. See Lynch v. Miller, No. 3:10-cv-00848 (M.D. Tenn. 2010) (dismissing the plaintiff's complaint because "the plaintiff's claims are so attenuated and unsubstantial as to be absolutely devoid of merit. They are an excellent example of the type of 'fantastic and delusional scenario' that the Supreme Court has recognized to be frivolous."); Lynch v. Spilker, 3:08-cv-0860 (M.D. Tenn. 2008) (dismissing the plaintiff's complaint about continuous torture by Central Intelligence Agency operatives and others because it "lack[ed] an arguable basis

in law or fact."). This action, too, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Because an appeal from the judgment rendered herein would **NOT** be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED**.

**ENTERED** this the 15th day of December, 2010.

William J. Haynes, Jr.
United States District Judge